UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMMETT MAGEE | CIVIL ACTION |
| VERSUS | NO. 15-1939 |
| COCA-COLA REFRESHMENTS USA, INC. | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 5)** filed by Defendant, Coca-Cola Refreshments USA, Inc. Plaintiff, Emmett Magee, opposes the motion. The motion, submitted to the Court on September 9, 2015, is before the Court on the briefs without oral argument.

Plaintiff is legally blind. Plaintiff's complaint alleges that Defendant's latest generation of vending machine, the Glass Front Vendor ("GFV"), is inaccessible to the visually impaired. (Rec. Doc. 1 ¶ 28). The GFV does not display the availability of the products that it sells in any non-visual manner, nor does it offer any non-visual interface for the purchase of the products that it sells. (*Id.* ¶ 33). Plaintiff alleges that in April and May of 2015 he encountered one of Defendant's GFVs at a bus station in New Orleans and that he was unable to independently use the machine.[1] (*Id.* ¶ 47).

Based on this encounter Plaintiff filed this action for violations of Title III of the Americans with Disabilities Act. Plaintiff seeks to represent a nationwide class defined as

---

[1] Plaintiff also alleges a similar encounter with one of Defendant's GFVs in the East Jefferson General Hospital in February 2014. (Rec. Doc. 1 ¶ 43). Plaintiff does not take issue with Defendant's assertion that a claim based on this particular encounter would be prescribed given that he filed his complaint more than one year later.

> All legally blind individuals who have been and/or are being denied access to glass front vending machines located in the United States and owned and/or operated and/or leased by Coca-Cola Refreshments USA, Inc.

(Rec. Doc. 1 ¶ 51). Plaintiff seeks declaratory and injunctive relief as well as attorney's fees and costs.[2] Defendant now moves to dismiss the complaint arguing that Plaintiff cannot state a claim against Coca-Cola Refreshments under Title III of the Americans with Disabilities Act. Specifically, Coca-Cola argues that its GFV machines are not places of public accommodation under the Act.

42 U.S.C. § 12182 of the Americans with Disabilities Act ("ADA") states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation **by any person who owns, leases (or leases to), or operates a place of public accommodation**.

42 U.S.C.A. § 12182(a) (West 2013) (emphasis added). The following private entities are considered "public accommodations" for purposes of this subchapter, if the operation of such entities affect commerce—

(A) an inn, hotel, motel, or other place of lodging . . .;
(B) a restaurant, bar, or other establishment serving food or drink;
(C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
(D) an auditorium, convention center, lecture hall, or other place of public gathering;
(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;

---

[2] The ADA statutory scheme only allows for equitable relief and attorney's fees. The district court's opinion in *Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 574-75 (S. D. Tex. 2014), recognizes the proliferation of putative ADA class actions around the country driven in some cases by unscrupulous attorneys whose sole interest is the recovery of attorney's fees.

 (G) a terminal, depot, or other station used for specified public transportation;
 (H) a museum, library, gallery, or other place of public display or collection;
 (I) a park, zoo, amusement park, or other place of recreation;
 (J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;
 (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
 (L) a gymnasium, health spa, bowling alley golf course, or other place of exercise or recreation.

42 U.S.C.A. § 12181(7)(A)-(L) (West 2013); 28 C.F.R. § 36.104. A "facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 36.104 (Definitions).

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413,

418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

It is undisputed that the bus station where Plaintiff encountered the GFV machine in May 2015 was a place of public accommodation under § 12181(7)(G), *supra*. The GFV, which is clearly personal property or equipment at that public facility, must comply with the ADA so that patrons with disabilities do not suffer discrimination.[3] The problem with Plaintiff's complaint, however, is that the defendant he chose to sue for purposes of pursing a nationwide class action, does not own, lease, or operate the place of public accommodation where he encountered the difficulty with the GFV. Section 12182(a), *supra*, requires this nexus on its face which is why Plaintiff goes to great lengths to argue that the GFV itself is a place of public accommodation. But the coin-operated GFV is not akin to any of the twelve specific categories of places of public accommodation listed in the statute and the federal regulations. Plaintiff is attempting to expand the term "place of public accommodation" well beyond its statutory definition in order to sue a defendant amenable to nationwide relief. [4]

---

[3] The Court does not consider Defendant's argument that the ADA Accessibility Guidelines contain specific requirements for vending machines that do not include the accommodations that Plaintiff seeks.

[4] The disconnect between Plaintiff's ADA claim and the defendant that he chose to sue is exemplified in the allegation that he makes in order to establish standing: 'Plaintiff regularly uses **the bus station** where he

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 5)** filed by Defendant, Coca-Cola Refreshments USA, Inc. is **GRANTED**. Plaintiff's complaint against Defendant is **DISMISSED** with prejudice.

October 28, 2015

                                        JUDGE JAY C. ZAINEY
                                   UNITED STATES DISTRICT JUDGE

---

encountered the GFVs *and he reasonably expects to visit there again*." (Rec. Doc. 1 Complaint ¶ 48) (emphasis added).